<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

August 23, 2021

E. Evans Wohlforth, Jr., Esq.
Caroline E. Oks, Esq.
Gibbons, P.C.
One Gateway Center
Newark, NJ 07102-5310
*Counsel for Defendant Cigna Health and Life Insurance Company*

Keith J. Roberts, Esq.
Paul M. Bishop, Esq.
Brach Eichler LLC
101 Eisenhower Parkway
Roseland, NJ 07068
*Counsel for Plaintiff*

## <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

Re:   Gotham City Orthopedics, LLC v. Cigna Health & Life Ins. Co., et al.
         Civil Action No. 21-1703 (SDW) (LDW)

Counsel:

Before this Court is Defendant Cigna Health and Life Insurance Company's ("Defendant") Motion to Dismiss Plaintiff Gotham City Orthopedics, LLC's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). This Court having considered the parties' submissions, and having reached its decision without oral argument pursuant to Rule 78, for the reasons discussed below, **GRANTS** Defendant's motion.

## <u>BACKGROUND & PROCEDURAL HISTORY</u>

Plaintiff, a health care provider located in Clifton, New Jersey, alleges that between 2014 and 2017, it provided medical services to patients covered by a health benefit plan or plans (the "Plans") subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002, *et seq.* (D.E. 1 ¶¶ 1-3, 47-340.) Plaintiff alleges it obtained an assignment of benefits from each of those patients and then demanded reimbursement from Defendant, the Claims Administrator for the Plans, in the amount of $3,598,367.00, of which Defendant paid

$637,706.46.  (*Id.* ¶¶ 1-3, 23-25.)  Plaintiff pleads that it exhausted the applicable administrative appeals process.  (*Id.* ¶¶ 346-52.)  On February 2, 2021, Plaintiff filed a nine-count Complaint in this Court alleging: 1) violations of ERISA for failure to make payments pursuant to the Plans, failure to meet fiduciary duties of loyalty and care, and failure to provide plan documents (Counts One – Three)[1]; 2) breach of contract (Count Five); 3) breach of the covenant of good faith and fair dealing (Count Six); 4) promissory estoppel (Count Seven); 5) unjust enrichment (Count Eight); and 6) quantum meruit (Count Nine).  (D.E. 1.)  Defendant subsequently filed the instant motion to dismiss, and all briefing was timely filed.  (D.E. 9-1, 11, 15.)

**DISCUSSION**

A.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").  In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

B.

Plaintiff's Complaint fails to satisfy the requirements of Rule 8.  As to the factual basis for its claims, Plaintiff's pleading fails to include the terms of the Plans under which Plaintiff seeks payment, terms which are central to all of Plaintiff's claims and necessary for any meaningful review of their sufficiency.[2]  Without this information, the Complaint contains little more than an assertion that Plaintiff is owed more than it was paid for the services it provided.  This is insufficient under Rule 8.  *See e.g., Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, Civ. No. 17-4600, 2018 WL 1420496, at *10-11 (D.N.J. Mar. 22, 2018) (dismissing claim where plaintiff's "threadbare allegations" did not point "to any provision  of a . . . benefit plan suggesting" an entitlement to payment); *Lemoine v. Empire Blue Cross Blue Shield*, Civ. No. 16-6786, 2018 WL 1773498, at *6 (D.N.J. Apr. 12, 2018) (granting motion to dismiss,

---

[1] Count Four seeks attorneys' fees and costs under ERISA, but that is a form of relief and not a legal claim.

[2] Plaintiff alleges that Defendant has refused to provide it with a copy of the Plans leaving it with no choice but to file suit.  (D.E. ¶¶ 341-45, 400; D.E. 11-1 at 2, 13-14.)  This argument is unavailing.  Plaintiff, as an alleged assignee, steps into the beneficiaries' shoes, who at all times had access to the Plans.

finding plaintiff "fails to plausibly plead which portions of [benefit plans] have been violated"). Therefore, Defendant's motion to dismiss Plaintiff's ERISA claims will be granted.

       Plaintiff's remaining claims sound in state law. Although 28 U.S.C. § 1367 permits federal courts to exercise jurisdiction over state law claims, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Stehney v. Perry*, 907 F. Supp. 806, 825 (D.N.J. 1995) ("[A] federal district court may decline to exercise its supplemental jurisdiction over state law claims if all federal claims are dismissed."); *Washington v. Specialty Risk Servs.*, Civ. No. 12-1393, 2012 WL 3528051, at *2 (D.N.J. Aug. 15, 2012) (noting that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims") (alterations in original) (citing *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)) (internal citations omitted). This Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.[3]

## **CONCLUSION**

       Defendant's Motion to Dismiss is **GRANTED**. Plaintiff shall have thirty (30) days within which to file an amended complaint. An appropriate order follows.

                                                   /s/ Susan D. Wigenton
                                        **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
         Leda D. Wettre, U.S.M.J.

---

[3] Plaintiff voluntarily withdraws its claim for promissory estoppel (Count 7). (*See* D.E. 11 at 20.)

3